DANIEL V. WEBB, ET AL.



NO. 07-03-0245-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 18, 2003



______________________________




CAROLE DANIEL AND STAN DANIEL, APPELLANTS



V.



CHERYL KAY WEBB, IN HER CAPACITY AS SUCCESSOR INDEPENDENT EXECUTOR OF THE ESTATE OF MELVIN BRAY, DECEASED AND CHERYL KAY WEBB IN HER


CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF GLADYS BRAY,


 DECEASED AND MID-CENTURY INS. CO. OF TEXAS, APPELLEES



_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-513,596; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellants' motion to dismiss by which they indicate they
no longer wish to pursue this appeal. Without passing on the merits of the case, their motion
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.1(a)(1). 

 Don H. Reavis

 Justice



 date it as of the date of rendition, and forward it
to us. Id. On the other hand, if judgment had not been rendered, the trial court was to
inform us of that and forego rendering one. In choosing this course, we merely attempted
to obtain an accurate and complete record of what occurred below. Id. at 74. So too did
we caution the litigants against creating a new record as evinced by our statement that "if
judgment was never rendered the parties cannot cause it to now be rendered and included
within the supplement." Id. at 75. 

 Here, however, the Cordovas do not argue that the trial court actually entered a final
judgment or somehow rendered one but failed to reduce it to writing. Rather, they want
an opportunity to 1) obtain a "new judgment," 2) file a "new motion for new trial," and 3)
receive a hearing on their new motion for new trial. That is nothing short of attempting to
create a new record and continue the trial court proceeding. Those are acts which we
expressly refused to condone in Disco Machine. 

 Moreover, we have before us a transcript of the hearing from which this appeal
emanated. Therein, the trial court simply granted Dr. Joel C. Osborn's motion for summary
judgment, queried about a severance, and "presume[d] then that [the Cordovas] will take
whatever steps . . . consider[ed] necessary." Nothing was said about entering a final
judgment or declaring a decision of the law upon the matters at issue. Given this, the
record shows that the court did not purport to render a final judgment. So, there existed
no need for a remand to develop that subject or reduce to writing that which did not
happen. In short, Disco Machine would require dismissal.


 Per Curiam


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002).